**Summit Rest. Repairs & Sales, Inc. v New York City Dept. of Educ.**

2024 NY Slip Op 30515(U)

February 15, 2024

Supreme Court, New York County

Docket Number: Index No. 651845/2012

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------X

SUMMIT RESTAURANT REPAIRS & SALES, INC.,

Plaintiff,

- v -

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651845/2012 |
| **MOTION DATE** | 08/08/2023 |
| **MOTION SEQ. NO.** | 011 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 011) 484, 485, 486, 487, 490, 491, 492

were read on this motion to/for                 TRIAL PREFERENCE                 .

The motion seeking a trial preference and "reassignment" to a General IAS Part is denied in part.

The trial at issue is a five week jury trial according to the defendant and a three week trial according to the Plaintiff.  At this time given that the pre-trial submissions have not yet been completed, it remains to be seen.   In any event, the trial involves two different cases and what promises to be a substantial block of time.  The Court assigned its first five week block of time that worked with both the Court's then existing trial schedule and also the lawyers' stated availability.

Summit Restaurant Repairs & Sales, Inc. is the Plaintiff in this case.  It filed an RJI seeking assignment to the Commercial Division where this case has been pending since 2012.  There simply is no legal basis for reassignment out of Part 53 and this branch of the motion is denied.

651845/2012   SUMMIT RESTAURANT REPAIRS & vs. NEW YORK CITY DEPARTMENT OF
   Motion No.  011

Page 1 of 4

1 of 4

[* 1]

Relying on *A. Gugliotta Development Inc. v First American Title Inc.*, 2013 WL 8289268 (Sup. Ct. Suffolk County February 19, 2013) and *Campbell v Kelly*, 42 AD2d 601 (2d Dept 1973), the Plaintiff argues that it is entitled a trial preference. They are not correct.

Citing *Campbell* and *Borenstein v City of New York*, 248 AD2d (2d Dept 1998), the IAS court in *A. Guliotta* granted a trial preference based on Mr. Gugliotta's age, finding that he was the real "party in interest" because he was the sole shareholder and chief executive of the plaintiff. As such, the IAS court granted a trial preference pursuant to CPLR 3403(a)(4). In their opposition papers, the defendant argued that (i) Mr. Gugliotta was not the plaintiff and (ii) Mr. Gugliotta waived his right to a trial preference having litigated the case for two years. This trial preference order was apparently mooted by the fact that a prior order of the trial court, dated September 18, 2012, which denied the defendant's motion for summary judgment dismissing the complaint was reversed upon review of the Appellate Division (*A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of New York*, 112 AD3d 559 [2d Dept 2013]). Thus, the trial preference analysis in this case was never reviewed by the Appellate Division and it does not appear that the trial went forward.

*Campbell v Kelly*, 42 AD2d 601 (2d Dept 1973) is simply inapposite. That case involved the 78-year-old mother of plaintiff's decedent where the decedent was her sole support and where she would be the beneficiary of any recovery in the action. Thus, the Appellate Division concluded that CPLR 3403 dictates under those circumstances that the "spirit and intent" of CPLR 3403 indicated that a trial preference should have been granted (*Campbell*, 42 AD2d at 601). Nothing in the record before this Court implicates that same types of concerns present in *Campbell* warranting the trial preference granted in *Campbell*.

651845/2012   SUMMIT RESTAURANT REPAIRS & vs. NEW YORK CITY DEPARTMENT OF    Page 2 of 4
   Motion No.  011

2 of 4

[* 2]

*Borenstein v City of New York*, 248 AD2d 425 (2d Dept 1998) also does not support a special trial preference in this case. That case involved an action for personal injuries brought by Clair Borenstein, et al. The trial court in that case denied the motion pursuant to CPLR 3403(a)(4) for a special trial preference. On appeal, the Appellate Division reversed, holding that a trial preference should have been granted pursuant to CPLR 3403(a)(4) because the "injured plaintiff's husband, who is over 70 years of age, possess a recognizable cause of action" (*Borenstein*, 248 AD2d at 425).

In this case, the Plaintiff is Summit Restaurant. It is the party in interest. Paul Pachuca is not a party to this case. He does not have a recognizable cause of action in this case. This is also not a wrongful death action where his sole support was based on his spouse such that the spirit and intent of CPLR 3403 mandates that he should receive a trial preference.

Putting that aside, to the extent that the motion seeks an earlier day for trial, the Court is prepared to work with counsel to accommodate this request. Counsel are ordered to meet and confer and work out a schedule for the briefing of motions in limine as soon as practicable and to iron out a concrete schedule and coordinate times where they are available for trial so that if such times are available or become available this trial can go forward at an earlier date.

Accordingly, it is hereby

651845/2012   SUMMIT RESTAURANT REPAIRS & vs. NEW YORK CITY DEPARTMENT OF         Page 3 of 4
Motion No.  011

3 of 4

[* 3]

ORDERED that Plaintiff's motion for a trial preference is denied; and it is further

ORDERED that the parties shall appear for a status conference on February 28, 2024 at

12:00 pm to try to identify an earlier date for trial and for the hearing on any motions in limine.

20240215131647ABORROK047BEB8FFDC84EF0ADC2B8B1DA6A76A3

| | | | |
|---|---|---|---|
| **2/15/2024** | | | |
| **DATE** | | | **ANDREW BORROK, J.S.C.** |

**CHECK ONE:**    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

**APPLICATION:**    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**651845/2012   SUMMIT RESTAURANT REPAIRS & vs. NEW YORK CITY DEPARTMENT OF**
**Motion No.  011**
Page 4 of 4

4 of 4

[* 4]